UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE ALFREDO ACOSTA VILLEGAS, SAMUEL DAVID TOVAR RODRIGUEZ, ULIZES MENJIVAR, AND MARCO CABRERA, <br><br> Plaintiffs, <br><br> -against- <br><br> CHEZ JOSEPHINE LTD. AND MANUEL UZHCA, jointly and severally, <br><br> Defendants. | 25-CV-03863 (ALC) (RFT) <br><br> **Opinion & Order** |

**THE HONORABLE ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Plaintiffs' motion to amend the first amended complaint

(**ECF 35**) to add claims against a new defendant, Christopher Uzhca. I have carefully considered

the parties' submissions, and for the reasons set forth below the motion to amend is

GRANTED.[1]

I.     **Relevant Procedural History**

On May 8, 2025, Plaintiffs filed a complaint Chez Josephine Ltd. and Manuel Uzhca for,

among other claims, employment discrimination and violation of federal, state, and local

minimum wage laws. (ECF 1, Compl.) On July 31, 2025, Defendants filed an answer. (ECF 10,

Ans.) On August 20, 2025, Plaintiffs filed an amended complaint. (ECF 13, FAC.) On January 30,

2026, Plaintiffs filed their motion to amend. (ECF 35, Mot. To Amend; ECF 36, Pls.' Mem. in

---

[1]     A magistrate judge may grant a motion to amend by memorandum and order. *See, e.g., Xie v. JPMorgan Chase Short-Term Disability Plan,* 15-CV-4546 (LGS) (KHP), 2017 WL 2462675, at *1 (S.D.N.Y. June 6, 2017), *report and recommendation adopted,* 2018 WL 501605 (S.D.N.Y. Jan. 19, 2018).

Support of Mot. ("Pls.' Mem.); ECF 37, Declaration of Douglas B. Lipsky in Supp.; ECF 38, Declaration of Jose Villegas in Supp.; ECF 39, Declaration of David Rodrigues in Supp.; ECF 40, Declaration of Ulises Menjivar in Supp.) Defendants filed their opposition on February 27, 2026. (ECF 44, Defs.' Opp.; ECF 45, Declaration of Christopher Uzhca in Opp.; ECF 46, Declaration of Manuel Uzhca in Opp.) Plaintiffs filed a reply in further support on March 13, 2026. (ECF 52, Pls.' Reply.) An initial case management conference was held on March 20, 2026.

## II.    Legal Standard for Rule 15 Motions To Amend

As relevant here, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).[2] The Second Circuit has held that "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011). Under Rule 15, leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000). "Generally, amendment is treated as futile if the proposed claim could not withstand a motion to dismiss." *United States ex rel. Hussain v. CDM Smith, Inc.*, No. 14-CV-9107 (JPO), 2018 WL 11217206, at *1 (S.D.N.Y. Jan. 31, 2018).

## III.    Analysis

Defendants argue that the motion to amend should be denied because the proposed amendment to add Christopher Uzhca as a defendant is futile and would not withstand a

---

[2]    Unless stated otherwise, this report and recommendation omits internal quotation marks, citations, and quotations from quoted text.

motion to dismiss. Specifically, Defendants argue that, during the time Plaintiffs worked at Chez Josephine Ltd., Christopher Uzhca did not qualify as an employer. (*See generally* ECF 44, Defs.' Opp.)

Plaintiffs do not argue that Defendants have engaged in undue delay or bad faith or that they had a dilatory motive in the timing of the motion to amend; nor do Plaintiffs argue that they would be unduly prejudiced by the amendment. (*See generally id*.) And I have seen no indication of improper motives for the timing of the motion, or any indication that Defendants would be prejudiced if the motion were granted. Indeed, since discovery has just begun, there would be no undue prejudice to Defendants as a result of the amendment.

Accordingly, the question before me is whether the amendment would be futile, meaning that the proposed amendment would not survive a motion to dismiss. I conclude that the amendment would not necessarily be futile. All Defendants' arguments in opposition to the motion to amend challenge Plaintiffs' recitation of the facts of the case. Defendants dispute that Christopher Uzhca's connections to Chez Josephine Ltd. were sufficient during the relevant period to qualify him as an employer. (*See generally id.*) However, on a motion to dismiss, the Plaintiff's well-pleaded allegations must be accepted as true. *See LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir. 1991). And Plaintiffs' allegations of Christopher Uzhca's role at Chez Josephine Ltd. during the relevant period – which include allegations that he had authority to hire and fire employees, set their schedules, and supervise their work – would be sufficient for him to qualify as an employer. *See, e.g., Zheng v. Liberty Apparel Co., Inc.,* 355 F.3d 61, 67 (2d Cir. 2003) (identifying the authority to hire and fire employees, set employees' schedules and supervise their work as sufficient factors for establishing employer status).

3

**CONCLUSION**

For the foregoing reasons Plaintiff's motion to amend (**ECF 35**) is **GRANTED**. The Clerk of

Court is respectfully requested to terminate **ECF 35**.


DATED:  March 20, 2026
        New York, NY

So Ordered.

_____

**ROBYN F. TARNOFSKY**
United States Magistrate Judge

4